# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**L.C. WHITEHEAD, JR,**

        **Petitioner,**

        **v.**          Case No. 12-C-533

**BRIAN FOSTER,**

        **Respondent.**

# ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION

On May 25, 2012, L.C. Whitehead, Jr. ("Whitehead"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Accompanying his petition was a motion for leave to proceed in forma pauperis. (Docket No. 2.) Although the filing fee for a petition for a writ of habeas corpus is only $5.00, a review of Whitehead's prisoner trust account statement, (Docket No. 3), reveals that he lacks the resources to pay this filing fee. Accordingly, his motion to proceed in forma pauperis, (Docket No. 2), shall be granted.

Having granted Whitehead leave to proceed in forma pauperis, the court must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Whitehead's petition relates to a January, 2010 misdemeanor conviction for retail theft for which he was sentenced to 80 days in jail, consecutive to any other sentence, with credit for time served. (Docket No. 1 at 2.) At the time of his sentencing on January 19, 2010, (Docket No. 1-1 at 6), it appears he had spent a total of 78 days in custody, and thus ordinarily, Whitehead would have spent a couple more nights in jail and then had this matter behind him. If that had been how things went, this court likely would have lacked the authority to entertain the present petition because federal habeas corpus relief is limited to persons in custody. 28 U.S.C. § 2241(c)(1).

However, circumstances were complicated by the fact that Whitehead was concurrently being held for violating his extended supervision imposed as a result of a prior felony conviction. Moreover, online court records indicate that in a separate misdemeanor case Whitehead was sentenced to an additional 9 months in jail, consecutive to any other sentence, on February 23, 2012. See Milwaukee County Case No. 2011CM005154, available at http://wcca.wicourts.gov.

Whitehead's extended supervision in the prior felony case was revoked on October 20, 2011, and on January 13, 2012, Whitehead was ordered to serve 10 months of reconfinement. (Docket No. 1-1 at 4.) All the time that Whitehead had spent in custody was now credited towards this term of reconfinement rather than to Whitehead's misdemeanor conviction. This was because the 80 day sentence for the misdemeanor retail theft conviction was imposed consecutive to any other sentence, meaning that the 80 day clock did not start to run until after every other sentence was completed.

The court understands Whitehead's dispute to be founded upon the contention that the 80 days he spent in custody as a result of the retail theft conviction should also be credited towards the 10 month reconfinement sentence he was ordered to serve for his prior felony conviction. However, as the circuit court noted in the order attached to Whitehead's petition, this outcome would be inconsistent with the explicit terms of the sentence which stated that it be consecutive to any other

2

sentence. Under Wisconsin law, when a sentence is imposed consecutive to any other sentence, the defendant will never be able to "double count" days spent in custody such that a single day will count towards two separate sentences. (Docket No. 1-1 at 5 (citing State v. Bettcher, 138 Wis. 2d 292, 297, 405 N.W.2d 767, 769 (1987).)

Nonetheless, the court is unable to reach the merits of Whitehead's petition because it plainly appears that Whitehead has failed to exhaust his state court remedies. Although Whitehead states that he pursued a direct appeal of his conviction, including seeking review by the state's highest court, which in this state is the Wisconsin Supreme Court, online court records fail to indicate any such appeal. Rather, based upon a similarity in the dates listed, it appears that Whitehead may mistakenly believe that his prior efforts to obtain habeas relief in the Wisconsin Circuit Court, see Milwaukee County Cir. Ct. Case No. 2012CV004596, and United States District Court, see E.D. Wis Case No. 12cv338, constituted the exhaustion required under 28 U.S.C. § 2254(b)(1)(A).

Whitehead has failed to attach any decision from the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Rather, the only filings attached to his petition are a motion to dismiss a state court habeas petition dated May 11, 2012, (Docket No. 1-1 at 2-3), a circuit court order granting that motion to dismiss dated May 15, 2012, (Docket No. 1-1 at 4-5), and an order signed by the Honorable Rudolph T. Randa on April 19, 2012 dismissing an earlier federal petition for habeas corpus for Whithead's failure to exhaust his state court remedies, (Docket No. 1-1 at 1; see also E.D. Wis. Case No. 12cv338). Because it is plainly apparent that Whitehead has failed to exhaust his state court remedies, the court must dismiss his petition.

Exhaustion requires a person convicted in a state court in Wisconsin to present his claims to not only the Wisconsin Circuit Court (e.g. Milwaukee County Circuit Court), but then the Wisconsin Court of Appeals, and finally the Wisconsin Supreme Court. Only then may an

individual turn to a federal district court for habeas corpus relief. Even then, a federal court will generally be able to entertain a person's claim related to a state court conviction if that person remains in custody as a result of the conviction he seeks to challenge. Therefore, if the person has fully served the sentence that he seeks to challenge and thus granting the petition would not result in the petitioner being released from custody, a federal court will almost always have to deny the petition. Litigants should also be aware that there are strict deadlines for when a federal petition for habeas corpus may be filed.

**IT IS THEREFORE ORDERED** that Whitehead's motion for leave to proceed in forma pauperis, (Docket No. 2), is **granted**.

**IT IS FURTHER ORDERED** that Whitehead's petition for a writ of habeas corpus is **dismissed**. The Clerk shall enter judgment accordingly. The Clerk shall also provide the petitioner a copy of this district's pro se litigant guide "Habeas Corpus: Answers to State Petitioners' Common Questions."

Dated at Milwaukee, Wisconsin this 15th day of June 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge